(Del. Rev. 12/98)


FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 OCT 16 AM 8:52

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Jannette Saylor
29 E. 23rd St., Wilm., DE 19802
(Name of Plaintiff or Plaintiffs)

v.                              CIVIL ACTION NO.  07-636

State of DE-DHSS-Div of Child Support
820 N. French Street, Wilm., DE 19801
(Name of Defendant or Defendants)

## COMPLAINT

1. This action is brought pursuant to __Title VII of the Civil Rights Act of 1964__
(Federal statute on which action is based)
for discrimination related to __employment Retaliation__ jurisdiction exists by virtue of
(In what area did discrimination occur? e.g. race, sex, religion)
__42 U.S.C. Sec 2000e-3 [Section 704] a__ .0.
(Federal statute on which jurisdiction is based)

2. Plaintiff resides at __29 E 23rd Street__
(Street Address)
__Wilmington__, __New Castle__, __DE__  __19802__
(City)   (County)   (State)   (Zip Code)
__302-576-0493__
(Area Code) (Phone Number)

3. Defendant resides at, or its business is located at __84A Christiana Road__
(Street Address)
__New Castle__, __New Castle__  __DE__  __19720__
(City)   (County)   (State)   (Zip Code)

4. The alleged discriminatory acts occurred on __01-27-2006, to 11-14-2006 probationary period__
(Day) (Month) (Year)

5. The alleged discriminatory practice  ☒ is   ☐ is not  continuing.

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 OCT 16  AM 8: 52

6.  Plaintiff(s) filed charges with the <u>State of DE - Dept. of Labor - Div. of</u>
(Agency)
<u>Industrial Affairs, 4425 N. Market St., Wilm., New Castle, DE 19802</u>
(Street Address)  (City)  (County)  (State)  (Zip)

regarding defendant(s) alleged discriminatory conduct on: <u>01-27-2006</u> to <u>11-14-2006</u>
(Date)

7.  Attach decision of the agency which investigated the charges referred in paragraph 6 above.

8.  Was an appeal taken from the agency's decision?    Yes  Q    (No) Q

    If yes, to whom was the appeal taken? _____

9.  The discriminatory acts alleged in this suit concern:  (Describe facts on additional sheets if necessary)

<u>Was subjected to disciplinary actions, work scrutiny and ultimate discharge based on participation in a sexual harassment investigation and office racial discrimination complaints. Interviewed on April 10, 2006. Endured a hostile work environment which caused medical attention with Associates in Health Psychology, L.L.C. Flagrant abuse of power. Deflamations 06/21/06; 06/27/2006; 06/30/2006; 07/07/06; 07/10/06; 9/20/06; 9/25-26/06; 10/13/06 (addition sheet)</u>

10.  Defendant's conduct is discriminatory with respect to the following:
    (A.)  Q   Plaintiff's race
    (B.)  Q   Plaintiff's color
    C.    Q   Plaintiff's sex
    D.    Q   Plaintiff's religion
    E.    Q   Plaintiff's national origin

11.  Plaintiff prays for the following relief:   (Indicate the exact relief requested)

1. 5 year pension 01-12-2007

2. Remove all deflamation from their employment record

3. Re-instate employment with back pay

4. Defendant pay attorney's fee and other costs.

5. Federal Court to govern on all employment under Civil Right 1964 Act

6. Future State of Delaware employment - How long before return

7. To determine compensatory and punitive damages

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 10-16-2007

_Jannett Saylor_
(Signature of Plaintiff)

#9.

1. Employed with Defendant as an Administrative Specialist I - Level 7, 11-28-2005 in New Castle, DE.

2. Div. of Child Support Enf.; Chief of Administration demanded an Authorization to Release Information form from Associates in Health Psychology, L.L.C. on 10-13-2006 to be released to her, authorizing my Psychology, Ms. Hilna J. Moskowitz, Ph.D. to talk with her about keeping my job. Midge Holland demanded that the Release form and Doctor Return to work letter be signed by 10-17-2006 upon returning to work that Tuesday, the 17th. The Release form was signed on Monday, 10-16-2006 and give to Midge Holland on 10-17-06.

3. Denied a State of DE evaluation according to their policies and procedures.

4. Discharge effected 01-12-2007, 5 year pension.

5. Discharge effected future employment with the State of Delaware.

6. Discharge effected State of DE - Administrative Specialist I labber transfer August 30, 2006 to August 30, 2007. Interviews start November 9, 2006

7. Postal Recieved date of Right-to-Sue on 07-17-2007

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM

Jannette Saylor
29 East 23rd Street
Wilmington, DE 19802

Case No. 07010026W

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 OCT 16 AM 8:52

vs.

STATE OF DE
Dhss-Division Of Child Support,
820 N. French Street,
Wilmington, DE 19801

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

*In this Charge of Discrimination, the Charging Party bears the burden to prove her allegations by a preponderance of the evidence. Here, the Charging Party alleges she was retaliated against because she participated in an inquiry dealing with a coworker's complaint of illegal workplace discrimination. The Charging Party states after she participated in this investigation, she was scrutinized and then discharged because of her part in the investigation. The Respondent denies these allegations. They state the Charging Party's was discharged because of poor performance throughout her employment. They state the Charging Party was given notice of her performance deficiencies and the potential consequences if she did not improve. In order to show retaliation, the Charging Party must generally prove 1.) She participated in an activity protected under the anti-discrimination laws, 2.) The Respondent took some adverse action against the employee, and 3.) The existence of a casual nexus with the preceding elements. The evidence available in this matter tends to show the Respondent had significant and well-documented concerns regarding the Charging Party's overall performance. Similarly, there is little indication the Respondent took action against the Charging Party because of her participation in a protected activity. As such, the Charging Party has not established the existence of the required causal connection. This No Cause Determination follows.*

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program.

7/13/07
Date issued

For JKC, *[signature]*
Julie Klein Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

17C_DDOL_C-12-NC - No Cause Determ_DOC: 3/06

STATE OF DELAWARE -
DEPARTMENT OF HEALTH AND SOCIAL SERVICES
DIVISION OF CHILD SUPPORT ENFORCEMENT

FILED
[U.S. DISTRICT COURT
DISTRICT OF DELAWARE]

2007 OCT 16  AM 8: 52

FROM: November 28, 2005
TO: November 14, 2006

| NAME | JOB TITLE | SECTION | UNIT |
|---|---|---|---|
| Charles Hayward | Director | DCSE | |
| Guy Perrotti | Deputy Director | DCSE | |
| Midge Holland | Chief of Administration | DCSE | |
| | | | |
| Daniel Minnick | Sr. Administrator | Accounting Section | |
| Eschalla Clarke | Admin. Sp. II, Supervisor | Accounting Section | |
| Jannette Saylor | Admin. Sp. I | Accounting Section | |
| | | | |
| Hope LaChance | Manager | Accounting Section | |
| Terie Backus-Woodard | Supervisor | Accounting Section | Banking |
| | | | |
| Heather Morton | Manager | Accounting Section | |
| Mary Showard | Supervisor | Accounting Section | Special Collection |
| | | | |
| Elizabeth Withrow | Manger | Accounting Section | |
| Kathleen Clifford | Supervisor | Accounting Section | Mailroom |
| Craig Stone | Supervisor | Accounting Section | Logging Payments |
| | | | |
| Kelly A. Langley | Manager | Accounting Section | |
| Dionne Chinn | Supervisor | Accounting Section | Adjustment/ Research |
| Vidya Pai | Supervisor | Accounting Section | Audits |
| Karen Jones | Supervisor | Accounting Section | Data Entry |
| | | | |
| Art Caldwell | Sr. Administrator | Fiscal Section | |
| Nancy Logan | | Fiscal Section | Office Supplies |
| | | | |
| Angela Berry-Jones | Back-up Timekeeper | Accounting and Fiscal Section(s) | Staff Members |
| Jannette Saylor | Back-up Timekeeper | Accounting and Fiscal Section(s) | Staff Members |
| Jannette Saylor | Back-up Supply Order | DCSE | Division |

**ORIGINAL**

07-636

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

2007 OCT 15 AM 8:44

## I. (a) PLAINTIFFS
Jannette Saylor
29 E 23rd Street, Wilmington, DE 19802

## DEFENDANTS
State of DE - DHSS - Division of Child Support Enf.
820 N. French Street, Wilmington, DE 19801

(b) County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **New Castle**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
**Pro Se**
Jannette Saylor
29 E 23rd Street, Wilmington, DE 19802

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**Title VII of the Civil Rights Act of 1964**
Brief description of cause:
**Discrimination; Retaliation - 42 U.S.C. SEC 2000e-3 [Section 704]a**

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE

DOCKET NUMBER

DATE: **10-16-2007**
SIGNATURE OF ATTORNEY OF RECORD
**Pro Se** /s/ Jannett Saylor

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-636

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___1___ COPIES OF AO FORM 85.

___10-16-07___
(Date forms issued)

___Jannett Saylor___
(Signature of Party or their Representative)

___Jannette Saylor___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action