IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANNETTE SAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-636-SLR |
| | ) | |
| STATE OF DELAWARE | ) | |
| DEPARTMENT OF HEALTH AND | ) | |
| SOCIAL SERVICES, DIVISION OF | ) | |
| CHILD SUPPORT ENFORCEMENT, | ) | |
| COMMISSIONER VINCENT P. MECONI, | ) | |
| PHD DANA J. JEFFERSON, KATHLEEN | ) | |
| TESTA, LORETTA BRASE, KATHIE | ) | |
| GIBSON, CHARLES HAYWARD, | ) | |
| MIDGE HOLLAND, DANIEL MINNICK, | ) | |
| ESCHALLA CLARKE, HEATHER | ) | |
| MORTON, and KELLY A. LANGLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING BRIEF
IN SUPPORT OF THEIR MOTION TO DISMISS**

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

s/s   *Kevin R. Slattery*
Kevin R. Slattery, I.D. #2297
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

Dated: February 19, 2008

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................. i

TABLE OF CITATIONS ............................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS .................................................................1

SUMMARY OF THE ARGUMENT ...............................................................................3

STATEMENT OF FACTS .............................................................................................4

ARGUMENT.................................................................................................................5

      I.     STANDARD OF REVIEW
            a. Federal Rule of Civil Procedure 12(b)(1). ..............................................5
            b. Federal Rule of Civil Procedure 12(b)(6) ...............................................5

      II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK
            OF SUBJECT MATTER JURISDICTION FOR FAILURE TO
            EXHAUST ADMINISTRATIVE REMEDIES ........................................7

      III.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR
            FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
            GRANTED BECAUSE THE CLAIM WAS UNTIMELY FILED..........8

      IV.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR
            FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
            GRANTED BECAUSE TITLE VII DOES NOT PROVIDE FOR SUITS
            AGAINST INDIVIDUALS .................................................................9

CONCLUSION............................................................................................................10

UNREPORTED OPINIONS

*Mahoney v. Middlesex General*, 1986 WL 5445 (D.N.J. 1986)........................TAB A

## TABLE OF CITATIONS

CASES

*Brennan v. National Telephone Directory Corp.*, 881 F. Supp. 986 (E.D. Pa. 1995) .........7

*Burgh v. Borough Council of Borough of Montrose*, 251 F.3rd 465 (3rd Cir. 2001)........7

*Conley v. Gibson*, 355 U.S. 41, (1957). ..................................................................6

*Cortes v. Univ. of Med. & Dentistry of N.J.*, 391 F. Supp. 2d 298 (D.N.J. 2005) ..............9

*Coxson v. Commonwealth of Pennsylvania*, 935 F. Supp. 624 (W.D. Pa. 1996) ...............5

*Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542 (3d Cir. 1996) ...............................9

*Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277 (3d Cir. 1993) ............................................................................................5

*Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960)... 6

*Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969) ............................................................................................6

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) ................................................5

*Mahoney v. Middlesex General*, 1986 WL 5445 (D.N.J. 1986) ..............................8

*Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884 (3d Cir. 1977) ............ 5

*Newsome v. Admin. Off. of Courts*, No. 00-4327, 51 Fed. Appx. 77, 78 n. 1 (3d Cir. Oct. 4, 2002) ............................................................................................9

*Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394 (3d Cir. 1976) cert denied, 429 U.S. 1041 (1977). ............................................................................................7

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ........................................................................6

*Sheridan v. E.I.DuPont de Nemours and Co.*, 100 F.3d 1061 (3d Cir. 1996) ...................9

*Signore v. City of McKeesport*, Pa. 680 F.Supp. 200 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989) ............................................................................................6

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478 (3d Cir. 1998). ............................................................................................6

*Vittello v. Liturgy Training Publications*, 932 F.Supp. 1093 (N.D. Ill., 1996) ..............8

*Winterberg v. CNA Ins. Co.*, 868 F. Supp. 713, 718 (E.D. Pa. 1994), *aff'd* 72 F.3d 318 (3d Cir. 1995). ......................................................................................................... 5

## STATUTES AND OTHER AUTHORITIES

Title VII as amended...............................................................................................1

42 U.S.C. § 2000e-5...............................................................................................7,8

Fed. R. Civ. P. 12(b)(1)............................................................................................5

Fed. R. Civ. P. 12(b)(6).........................................................................................5, 6

19 *Del.C.* § 714(a)..................................................................................................7

## NATURE AND STAGE OF PROCEEDINGS

On information and belief, Jannette Saylor ("plaintiff") resides at 29 E.
23rd Street, Wilmington, DE 19802. Defendants are the State agency that formerly
employed the plaintiff as well as the administrators employed by that agency. Plaintiff
filed her charge of discrimination on or about January 17, 2007. The Equal Employment
Opportunity Commission ("EEOC") referral agency, the Delaware Department of Labor
("DDOL") issued its Final Determination and Right to Sue Notice on July 13, 2007 (D.I.
No. 2-3). Plaintiff acknowledges that she received her Delaware Right to Sue Notice on
July 17, 2007. (D.I. No. 2-2). Plaintiff commenced the instance action on October 16,
2008, with the filing of a complaint pursuant to Title VII of the Civil Rights Act of 1964,
as amended ("Title VII"), based on race and color for employment discrimination, in the
United States District Court for the District of Delaware ("Complaint"). (D.I. No. 2). On
or about December 3, 2007, the Plaintiff moved the court to amend her complaint to
include the named individual defendants. (D.I. No. 6).

Through the Complaint, the Plaintiff alleges discriminatory conduct occurred
during her employment with the State of Delaware, Department of Health and Social
Services ("DHSS"), Division of Child Support Enforcement ("defendant DCSE"). In
general, plaintiff appears to allege that on or about November 14, 2006, she was
discharged from her probationary appointment due to her participation in a sexual
harassment investigation and "office racial discrimination complaints."

More specifically, the Plaintiff alleges that she was "subjected to disciplinary
action, work scrutiny and ultimate discharge based on participation in a sexual
harassment investigation and office racial discrimination complaints." (D.I. No. 2, page

2 of 3). She further alleges a hostile work environment, the denial of an evaluation and defamation. Id. It is her contention that the foregoing alleged conduct affected her pension, future employment with the State of Delaware and a possible transfer request. (D.I. No. 2-2).

As a result of this alleged conduct, the plaintiff is seeking:  1) a five year pension; 2) the removal of all "deflamation [sic]" from her employment record; 3) re-instatement with back pay; 4) attorneys fees and costs; 5) compensatory and punitive damages; 6) and other ancillary relief.  (D.I. 2-2, page 3 of 3).

This is Certain State Defendants' Opening Brief in Support of their Motion to Dismiss the Complaint, which is filed simultaneously herewith.

## SUMMARY OF THE ARGUMENT

I.      STANDARD OF REVIEW
        a.  Federal Rule of Civil Procedure 12(b)(1)
        b.  Federal Rule of Civil Procedure 12(b)(6)

II.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK
        OF SUBJECT MATTER JURISDICTION FOR FAILURE TO
        EXHAUST ADMINISTRATIVE REMEDIES .

III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR
        FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
        GRANTED BECAUSE THE CLAIM WAS UNTIMELY FILED

IV.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR
        FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
        GRANTED BECAUSE TITLE VII DOES NOT PROVIDE FOR SUITS
        AGAINST INDIVIDUALS .

## STATEMENT OF FACTS

For purposes of this Motion to Dismiss, which is based solely on legal defenses, it is not necessary to recite the factual history of plaintiff's claims and dealings with the State defendants at length. Even assuming all facts alleged in plaintiff's complaint to be true, she fails to state a claim upon which relief can be granted. The pertinent procedural facts have been set forth in detail at "Nature and Stage of Proceedings," *supra*.

## ARGUMENT

### I.    STANDARD OF REVIEW

**a.    Federal Rule of Civil Procedure 12(b)(1)**

It is axiomatic that a court cannot entertain a complaint over which it has no

subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1). Federal district

courts have only the jurisdiction provided to them by statute and the burden of

establishing jurisdiction rests squarely with the plaintiff. *Kokkonen v. Guardian Life Ins.*

*Co.*, 511 U.S. 375, 377 (1994). Dismissal for lack of subject matter jurisdiction is

appropriate if the right(s) claimed by Plaintiff are "so insubstantial, implausible,

foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as

not to involve a federal controversy." *Coxson v. Commonwealth of Pennsylvania*, 935 F.

Supp. 624, 626 (W.D. Pa. 1996)(*citing Growth Horizons, Inc. v. Delaware County, Pa.*,

983 F.2d 1277, 1280-81 (3d Cir. 1993). On a facial 12(b)(1) motion to dismiss, as here,

the district court will accept the factual allegations of the complaint as true and will grant

the motion if it finds that plaintiff cannot invoke the Court's jurisdiction (i.e.,

demonstrate a federal question) on the face of the complaint. *See Mortensen v. First*

*Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977). The Plaintiff bears

the burden of persuasion under Rule 12(b)(1). *Coxson*, 935 F.Supp. at 626.

**b.    Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) is to test the legal sufficiency of the complaint. *Winterberg v. CNA Ins. Co.*, 868

F. Supp. 713, 718 (E.D. Pa. 1994), *aff'd* 72 F.3d 318 (3d Cir. 1995). "A complaint

should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). A pro se complaint may be dismissed for failure to state claim if it appears "beyond doubt that a Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the Court does not have to accept legal conclusions, unsupported conclusions, or sweeping legal conclusions cast in the form of factual allegations. *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969); *Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960). Mere allegations, unsupported by facts, do not preclude dismissal and do not constitute a cause of action. *Signore v. City of McKeesport, Pa*, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989).

The question is not whether the plaintiff will ultimately prevail, but whether she is entitled to present evidence in support of her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183 (1984). Under these standards, the plaintiff's complaint must be dismissed because, even assuming plaintiff's allegations are true, she has not invoked the subject matter of this Court and she has failed to state any claim upon which relief could be granted by this Court.

II.    **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

A court may dismiss a Title VII action if the plaintiff has failed to exhaust her administrative remedies. 42 U.S.C. § 2000e-5. Additionally, it is well established that a plaintiff seeking relief for alleged employment discrimination must first subject her claim to the EEOC's administrative process. *Id.*; *Brennan v. National Telephone Directory Corp.*, 881 F.Supp. 986, 993 (E.D. Pa. 1995). The purpose of the EEOC requirement is to promote conciliation rather than litigation. *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976) cert denied, 429 U.S. 1041 (1977).

Here, the plaintiff dual filed her charge with both the DDOL and the EEOC. On July 13, 2007, the DDOL issued its Right to Sue Notice. This notice, however, provides the plaintiff with the right to bring a civil action in State court only. Pursuant to 19 *Del.C.* § 714(a):

> (a) A charging party may file a civil action in *Superior Court*, after exhausting the administrative remedies provided herein and receipt of a *Delaware* Right to Sue Notice acknowledging same.

(Emphasis added). Consequently, the plaintiff has pursued her civil action in the wrong forum. As the EEOC has not issued plaintiff a right to sue notice pursuant to 42 *U.S.C.* §2000e-5(f)(1), she has not exhausted her administrative remedies and cannot maintain this action in this forum. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3rd 465, 470 (3rd Cir. 2001). The present suit must be dismissed for lack of subject matter jurisdiction.

7

### III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THE CLAIM WAS UNTIMELY FILED

Even assuming the plaintiff had brought her Complaint in the correct forum, it would nonetheless be subject to dismissal because plaintiff has failed to file her action within the 90-day time frame required by 42 *U.S.C.* §2000e-5(f)(1).

Plaintiff's documentation attached to the Complaint indicates that the Delaware Right to Sue Notice was sent on July 13, 2007, and the plaintiff alleges in her Complaint that she received that Notice on July 17, 2007. Her Complaint was filed on October 16, 2007—the 91st day following her receipt of the Right to Sue Notice. Even a Complaint file one day late is subject to dismissal absent a tolling of the statute. *Mahoney v. Middlesex General*, 1986 WL 5445 (D.N.J. 1986) (Tab "A"). As the plaintiff's complaint is based upon actions occurring prior to her termination, there is no continuing violation that would justify a tolling of the statute. *Compare Vittello v. Liturgy Training Publications*, 932 F.Supp. 1093 (N.D. Ill., 1996). Consequently, her complaint must be dismissed as untimely filed.

IV.   **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE TITLE VII DOES NOT PROVIDE FOR SUITS AGAINST INDIVIDUALS**

Plaintiff's Amended Complaint names the individual defendants: Vincent P. Meconi, Dana J. Jefferson, Kathleen Testa, Loretta Brase, Kathie Gibson, Charles Hayward, midge Holland, Daniel Minnick, Eschalla Clarke, Heather Morton and Kelly A. Langley ("the individual defendants"). The Amended Complaint, with certain exceptions, identifies all the individual defendants as employees or administrators of DHSS or DSCE. It further directs service of process for these individuals at the DSCE offices. (D.I. No. ). It is clear that the plaintiff named the individual defendants in their official capacities as employees of the DHSS or DCSE. Title VII claims, insofar as asserted against the individual defendants are barred because there is no individual liability under Title VII. *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996); *Sheridan v. E.I.DuPont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996); *see also, Newsome v. Admin. Off. of Courts*, No. 00-4327, 51 Fed. Appx. 77, 78 n. 1 (3d Cir. Oct. 4, 2002); *Cortes v. Univ. of Med. & Dentistry of N.J.*, 391 F. Supp. 2d 298, 311 (D.N.J. 2005). Therefore, the claims against the individual defendants are not proper and should be dismissed with prejudice.

9

## CONCLUSION

Even accepting the allegations in plaintiff's Complaint as true, she has failed to invoke the subject matter jurisdiction of this court and has failed to state any claim against the defendants upon which relief could be granted. For the foregoing reasons, the defendants respectfully request that this Honorable Court grant their Motion to Dismiss plaintiff's Complaint with prejudice.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

s/s    *Kevin R. Slattery*
Kevin R. Slattery, I.D. #2297
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for State of Delaware,
Department of Health and Human Services

Dated:  February 19, 2008

TAB "A"

Westlaw.

Not Reported in F.Supp.            FOR EDUCATIONAL USE ONLY                    Page 1
Not Reported in F.Supp., 1986 WL 5445 (D.N.J.)
**(Cite as: Not Reported in F.Supp.)**

Mahoney v. Middlesex General University Hosp.
D.N.J., 1986.
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.
NELSON MAHONEY, Plaintiff,
v.
MIDDLESEX GENERAL UNIVERSITY HOSPIT-
AL, Defendant.
**Civ. A. No. 85-4890.**

May 7, 1986.

Lindabury, McCormick & Estabrook, P.C. By John
H. Schmidt, Jr., Westfield, N.J., for Defendant.

OPINION

FISHER, Chief Judge.
    *1 This action is an employment-discrimina-
tion suit based upon 42 U.S.C. § 2000e. Defendant
has submitted a motion to dismiss the complaint
pursuant to Fed. R. Civ. P. 12(h)(3) for lack of sub-
ject-matter jurisdiction because of plaintiff's failure
to **file** the complaint within the **90-day limit** fol-
lowing the receipt of a right-to-sue letter from the
Equal Employment Opportunity Commission
(EEOC) pursuant to 42 U.S.C. § 2000e-5(f)(1).

    Plaintiff, Nelson Mahoney, **filed** a complaint
with this court against defendant, Middlesex Gener-
al University Hospital, on October 10, 1985, al-
leging that he was the victim of employment dis-
crimination. The complaint stated that Mahoney
was a stationary engineer with a class 1-B license at
the hospital. Around July of 1984, the hospital had
an opening for a chief engineer, a job that requires
under New Jersey law a class A or B license. Ma-
honey believes that the person hired by the hospital
to assume the duties of chief engineer was unquali-
fied because he possessed only a class C license.
Mahoney alleges that he was passed over by the
hospital because he is black. He further alleges that
the hospital 'excludes all, or substantially all,
blacks, . . . from supervisory, managerial or profes-

sional [positions] on the basis of their
race.'Plaintiff's Complaint at 2.

    Mahoney filed a claim with the EEOC within
the 180-day limit after the alleged unlawful em-
ployment practice occurred as required by 42
U.S.C. § 2000e-5(e). A notification of a right to sue
was received by Mahoney from the EEOC on July
10, 1985. The complaint was filed in this court on
October 10, 1985. Defendant filed this motion to
dismiss the complaint stating that the complaint
was not filed timely as required by 42 U.S.C. §
2000e-5(f)(1). Because the complaint was not filed
timely, the court lacks subject-matter jurisdiction.

    Title 42 U.S.C. § 2000e-5(f)(1) states in pertin-
ent part that
    [i]f a charge filed with the Commission pursu-
ant to subsection (b) of this section is dismissed by
the Commission, or if within 180 days from the fil-
ing of such charge or the expiration of any period
of reference under subsection (c) or (d) of this sec-
tion, whichever is later, the Commission has not
filed a civil action under this section or the Attor-
ney General has not filed a civil action in a case in-
volving a government, governmental agency, or
political subdivision, or the Commission has not
entered into a conciliation agreement to which the
person aggrieved is a party, the Commission or At-
torney General in a case involving a government,
governmental agency, or political subdivision, shall
so notify the person aggrieved and within ninety
days after the giving of such notice a civil action
may be brought against the respondent named in the
charge (A) by the person claiming to be aggrieved
or (B) if such charge was filed by a member of the
Commission, by any person whom the charge al-
leges was aggrieved by the alleged unlawful em-
ployment practice.

    Courts construing the statutory time period
have uniformly determined the triggering day to be
the date the notice of right to sue is received by
plaintiff.Motley    v.    Bell    Telephone    Co.    of

Not Reported in F.Supp.                    FOR EDUCATIONAL USE ONLY                                        Page 2
Not Reported in F.Supp., 1986 WL 5445 (D.N.J.)
(Cite as: Not Reported in F.Supp.)

Pennsylvania, 562 F. Supp. 497, 498 (E.D. Pa. 1983). For the purposes of computing the 90-day period under section 2000e-5(f)(1), the first day is omitted and the last day is counted. Dunlap v. Sears Roebuck & Co., 478 F. Supp. 610, 611 (E.D. Pa. 1979). Mahoney alleges in his complaint that the notice of right to sue was received on July 10, 1985, and the complaint was not filed until October 10, 1985. Thus, 91 days elapsed from the **time** the right-to-sue letter was received by Mahoney to the **time** the complaint was **filed**.

*2 The hospital argues that the **90-day limit** in section 2000e-5(f)(1) is jurisdictional. It cites Decker v. Anheuser-Busch, Inc., 632 F.2d 1221 (5th Cir. 1980); Dunlap v. Sears Roebuck & Co., 478 F. Supp. at 611; and Prophet v. Armco Steel, Inc., 575 F.2d 579 (5th Cir. 1978), all of which held the **90-day limit** to be jurisdictional. Thus, under this holding, if one were to **file** past the **90-day lim- it**, the **district court** would dismiss for lack of sub- ject-matter jurisdiction. The cases cited by defend- ant, however, were decided before Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), which held that the **90-day** period of limitations in title VII actions may be equitably tolled when circum- stances warrant. The Third Circuit agrees that the **90-day** rule is not a jurisdictional predicate but, nevertheless, the court cannot extend the limitations period by even one day in the absence of equitable consideration.Mosel v. Hills Department Store, Inc., No. 85-3567, slip op. at 4 (3d Cir. May 1, 1986) (per curiam) (citing Johnson v. Al Tech Spe- cialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984)).

At this point, a brief detour is in order to clari- fy the nature of 42 U.S.C. § 2000e-5(f)(1)'s **ninety-day** requirement and the procedural path for assessing whether it has been satisfied. The **district court** dismissed this action for want of jurisdiction. We note, however, that commencing an action within **ninety days** of receipt of a right-to-sue letter is not a jurisdictional prerequisite; rather the **ninety-day** requirement is akin to a statute of limit- ations . . ..

Espinoza v. Missouri Pacific R. Co., 754 F.2d 1247, 1248 n.1 (5th Cir. 1985) (citations omitted).See also Brown v. J.I. Case Co., 756 F.2d 48, 50 (7th Cir. 1985); Johnson v. Al Tech Special- ties Steel Corp., 731 F.2d at 146.

It has also been held that

[p]rocedural requirements established by Con- gress for gaining access to the federal courts are not to be disregarded by courts out of a vague sym- pathy for particular litigants. As we stated in Mo- hasco Corp. v. Silver, 447 U.S. 807, 826 (1980), 'in the long run, experience teaches that strict adher- ence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'

Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984). Because Mahoney filed his complaint past the **90-day limit**, the court must dismiss the suit in accordance with the statute. De- fendant's motion for dismissal of the complaint is granted. An order accompanies this opinion. No costs.

D.N.J., 1986.
Mahoney v. Middlesex General University Hosp.
Not Reported in F.Supp., 1986 WL 5445 (D.N.J.)

END OF DOCUMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JANNETTE SAYLOR,          )
                               )
            Plaintiff,    )
                               )
         v.             )     C.A. No. 07-636-SLR
                               )
STATE OF DELAWARE      )
DEPARTMENT OF HEALTH AND   )
SOCIAL SERVICES, DIVISION OF  )
CHILD SUPPORT ENFORCEMENT,  )
COMMISSIONER VINCENT P. MECONI, )
PHD DANA J. JEFFERSON, KATHLEEN )
TESTA, LORETTA BRASE, KATHIE  )
GIBSON, CHARLES HAYWARD,    )
MIDGE HOLLAND, DANIEL MINNICK, )
ESCHALLA CLARKE, HEATHER    )
MORTON, and KELLY A. LANGLEY,  )
                               )
          Defendants.  )

## CERTIFICATE OF MAILING AND/OR DELIVERY

    The undersigned certifies that on February 19, 2008, she caused the attached **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS** to be delivered to the following person(s) in the form and manner indicated:

    **NAME AND ADDRESS OF RECIPIENT(S):**

    **Jannette Saylor**
    **29 E. 23rd Street**
    **Wilmington, DE 19802**

    **MANNER OF DELIVERY:**
      X   Two true copies by first class mail, postage prepaid, to each recipient

                          STATE OF DELAWARE
                          DEPARTMENT OF JUSTICE

                          s/s    *Kevin R. Slattery*
                          Kevin R. Slattery, I.D. #2297
                          Deputy Attorney General
                          Carvel State Office Building
                          820 N. French Street, 6th floor
                          Wilmington, DE 19801
                          (302) 577-8400
                          Attorney for State Defendants