IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANNETTE SAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-636-SLR |
| | ) |
| STATE OF DELAWARE DEPARTMENT OF HEALTH AND SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, COMMISSIONER VINCENT P. MECONI, DANA J. JEFFERSON, KATHLEEN TESTA, LORETTA BRASE, KATHIE GIBSON, CHARLES HAYWARD, MIDGE HOLLAND, DANIEL MINNICK, ESCHALLA CLARKE, HEATHER MORTON, and KELLY A. LANGLEY, | ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

Jannette Saylor, Wilmington, Delaware. Pro se Plaintiff.

Kevin R. Slattery, Esquire, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: August 4, 2008
Wilmington, Delaware

*[signature]*
ROBINSON, District Judge

## I. INTRODUCTION

On September 16, 2007, Jannette Saylor ("plaintiff"), a pro se plaintiff proceeding in forma pauperis, filed the present action against the Delaware Department of Health and Social Services's ("DHSS") Division of Child Support Enforcement ("DCSE") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), et seq. (D.I. 2) On December 4, 2007, plaintiff filed an amended complaint that added Commissioner Vincent P. Meconi, Dana J. Jefferson, Kathleen Testa, Loretta Brase, Kathie Gibson, Charles Hayward, Midge Holland, Daniel Minnick, Eschalla Clarke, Heather Morton, and Kelly A. Langley as individual defendants ("the individual defendants"). (D.I. 6) Plaintiff seeks a five year pension from DCSE, the removal of all "deflamation [sic]" from her employment record, reinstatement at her former DCSE position with back pay, attorney fees and costs, and compensatory and punitive damages. (D.I. 2 at 3)

On February 19, 2008, defendants filed a motion to dismiss with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1] (D.I. 21) Defendants allege that plaintiff failed to exhaust her administrative remedies as required by 42 U.S.C. §§ 2000(e)-5, failed to file the claim within the 90-day time frame required by 42 U.S.C. §§ 2000(e)-5(f)(1), and improperly brought claims against the individual defendants. (D.I.

---

[1] Defendants improperly request this court to grant their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). The Third Circuit has ruled that claims alleging failure to exhaust administrative remedies, including issues of timeliness, should be brought under 12(b)(6) as opposed to 12(b)(1). Anjelino v. New York Times Co., 200 F.3d 73, 93 (3d Cir.1999). Therefore, the court will address the claim of failure to exhaust administrative remedies under 12(b)(6), along with defendants' other arguments.

22 at 7-9) On May 15, 2008, plaintiff filed a motion to continue and to begin discovery.[2] (D.I. 24)

## II.  BACKGROUND

On November 28, 2005, DCSE hired plaintiff as an administrative specialist, where she remained until her termination on November 14, 2006.[3] (D.I. 2; D.I. 6) DCSE's stated reason for firing plaintiff was unsatisfactory job performance. (D.I. 6-2 at 1) Plaintiff contends that she was fired for "participating in a sexual harassment investigation [involving one of her coworkers]" and for filing "repeated racial discrimination claims [on her own behalf]." (D.I. 2 at 1)

Plaintiff filed a charge of discrimination on or about January 17, 2007 with the Delaware Department of Labor ("DDOL").[4] (D.I. 22 at 1) On July 13, 2007, the DDOL's Division of Internal Affairs issued plaintiff a Final Determination and Right to Sue Notice. (D.I. 2-3) On October 16, 2007, plaintiff filed the present action – 91 days after plaintiff received the Right to Sue Notice from DDOL. (D.I. 2)

---

[2]Plaintiff failed to respond to any of the arguments presented in defendants' opening brief in support of their motion to dismiss. (D.I. 24)

[3]Plaintiff worked in DCSE's Accounting Section and became a member of the new Administrative Support Services Unit. (D.I. 6-2 at 1) Her responsibilities included "providing reliable support coverage for the sectional administrator and the various units in the Accounting Section," drafting minutes at meetings, and coordinating with other staff members to "assure effective operational functions." (Id.)

[4]If a charge filed with the DDOL is also covered by federal law, the DDOL "dual files" the charge with the Equal Employment Opportunity Commission ("EEOC") to protect federal rights. See http://www.delawareworks.com/discrimination/file.charge.shtml.

## III. STANDARD OF REVIEW

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. See Erickson v. Pardus, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959.

## IV. DISCUSSION

The Third Circuit has ruled that Title VII claims may not be brought against individual defendants. See Dici v. Commonwealth of Pa., 91 F.3d 542, 552 (3d Cir. 1996); Sheridan v. E.I.DuPont de Nemours and Co., 100 F.3d 1061, 1077 (3d Cir. 1996). In keeping with Third Circuit precedent, the court grants the motion to dismiss with respect to the individual defendants. The court will proceed to consider the motion to dismiss with respect to the DCSE.

A plaintiff filing any Title VII claim (or its state equivalent[5]) must exhaust certain administrative remedies before suit may be filed in court.  See Churchill v. Star Enters., Inc., 183 F.3d 184, 190 (3d Cir. 1999).  Those administrative prerequisites to suit are set forth in 42 U.S.C. § 2000e-5, and require a plaintiff to first lodge a complaint with either the Equal Employment Opportunity Commission ("EEOC") or the equivalent state agency responsible for investigating claims of employment discrimination, such as the DDOL.  See 42 U.S.C. § 2000e-5(e).  If the EEOC or equivalent state agency determines not to pursue plaintiff's claims and issues a right-to-sue letter, only then may a plaintiff file suit in court.  See 42 U.S.C. § 2000e-5(f)(1).

A DDOL Right to Sue letter entitles a plaintiff to file a timely civil action in Delaware Superior Court pursuant to 19 Del. C. § 714(a).  Despite receiving a Delaware Right to Sue notice, a plaintiff seeking relief in federal court must subject her claim to the EEOC administrative process.  See 42 U.S.C. § 2000e-5.  The receipt of a federal right-to-sue letter indicates that a complainant has exhausted administrative remedies, an "essential element for bringing a claim in [federal] court under Title VII."  See Anjelino, 200 F.3d at 93; see also Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).

In this case, plaintiff filed a charge of discrimination with the DDOL in January 2007.  Consistent with its written practices, the DDOL presumably "dual filed" the charge with the EEOC, because plaintiff's Title VII charge was covered by federal law. See 42 U.S.C. §§ 2000(e), et seq.  Once a charge is filed with the EEOC, a

---

[5]In this case, a claim was filed pursuant to 19 Del C. §§ 710-718.

4

complainant must allow a minimum of 180 days for a proper EEOC investigation to proceed. See 42 U.S.C. § 2000e-5(f)(1); see also Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 361 (1977) (holding that a private right of action does not arise until 180 days after a charge has been filed with the EEOC). After 180 days, the complainant on her own may also request a right-to-sue letter. The EEOC must issue the letter promptly on request.[6] See 29 C.F.R. § 1601.28(a)(1).

Neither the complaint (D.I. 2) nor the amended complaint (D.I. 6) includes a copy of an EEOC Right to Sue letter. When plaintiff received her Delaware Right to Sue letter, she could have filed a timely complaint with the Delaware Superior Court pursuant to 19 Del. C. § 714(a). Plaintiff also had the option of waiting 180 days from the date her charge was filed with the EEOC and requesting an EEOC Right to Sue letter pursuant to 42 U.S.C. § 2000e-5. Neither the complaint nor amended complaint give any indication that plaintiff contacted the EEOC or received an EEOC Right to Sue letter. (D.I. 2; D.I. 6) Plaintiff has not presented this court with a valid EEOC Right to Sue letter or even mentioned the EEOC; consequently, the court finds that plaintiff has failed to adequately exhaust all administrative remedies. However, because plaintiff is proceeding pro se, the court shall give her thirty days to supplement the record with proof that her initial charge of discrimination was dual filed with the EEOC and that the instant litigation was filed timely and otherwise in compliance with 42 U.S.C. § 2000e-5.

Defendants assert that the complaint is subject to dismissal because plaintiff

---

[6]The congressional policy underlying this framework was to resolve discrimination claims administratively through cooperation and voluntary compliance in an informal, noncoercive manner. See Occidental Life, 432 U.S. at 363; Anjelino v. New York Times Co., 200 F.3d at 93.

failed to file the action within the 90-day time frame required by 42 U.S.C. § 2000e-5(f)(1). However, courts construing the statutory time limit have uniformly determined the triggering day to be the date the notice of right-to-sue is received by a plaintiff. See Motley v. Bell Telephone Co. of Pa., 562 F. Supp. 497, 498 (E.D. Pa. 1983). At the present moment, plaintiff has not included any documentation in the record to indicate if, or when, she received a federal right-to-sue notice. Until plaintiff supplements the record, the court cannot determine whether she filed the present action within 90 days of receiving a federal right-to-sue notice. As reflected above, plaintiff has thirty days to offer proof that her complaint was filed within the time limit granted by 42 U.S.C. § 2000e-5(f)(1).

## V. CONCLUSION

For the reasons stated above, the court grants defendants' motion to dismiss with respect to the individual defendants. With respect to the DCSE, the sole remaining defendant, the court grants the motion to dismiss for failure to exhaust administrative remedies and for untimely filing to the following extent: Because plaintiff is proceeding pro se, the court shall give her thirty days to supplement the record with proof that her initial charge of discrimination was dual filed with the EEOC and that the instant litigation was filed timely and otherwise in compliance with 42 U.S.C. § 2000e-5. An appropriate order shall follow.